**No. 25-4475**

# In the
# United States Court of Appeals
# For the
# Ninth Circuit

JOSEPH SANT, et al.,

*Plaintiffs-Appellees,*

v.

ROCKETREACH, LLC,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the Western District of Washington ♦ Case No. 2:24-CV-01626-RSM ♦ Hon. Ricardo S. Martinez

**DEFENDANT-APPELLANT'S MOTION FOR AMENDMENT OF PLAINTIFFS' JURISDICTIONAL ALLEGATIONS PURSUANT TO 28 U.S.C. §1653**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Melissa A. Murphy-Petros
161 N. Clark Street – Suite 4500
Chicago, Illinois 60601
Telephone: 312-821-6154
Facsimile: 312-704-1522
Melissa.Murphy-Petros@wilsonelser.com
*Attorneys for Defendant-Appellant*

318209096v.1

Defendant RocketReach, LLC ("RocketReach") moves this Court for amendment of plaintiffs' jurisdictional allegations pursuant to 28 U.S.C. §1653. RocketReach brings this motion in an abundance of caution, mindful of its obligation under Fed. R. App. P. 28(a)(4)(A) to include in the jurisdictional statement of its appellant's brief "the basis for the district court's … subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction." *See also*, Circuit Rule 28-2.2, "Statement of Jurisdiction." In support of this motion, RocketReach states as follows:

1. The undersigned is appellate counsel for RocketReach in this matter. In compliance with Circuit Rule 27-1(2), the undersigned conferred with plaintiffs' counsel about this motion via an exchange of emails on September 9, 2025. Plaintiffs' counsel stated that plaintiffs will oppose this motion.

2. Pursuant to 28 U.S.C. §1653, "[d]efective allegations of citizenship may be amended, upon terms, in the trial or appellate courts." In drafting the jurisdictional statement section of RocketReach's opening appellant's brief, the undersigned reviewed plaintiffs' complaint and identified potential defects in plaintiffs' jurisdictional allegations which are suitable for correction pursuant to §1653.

318209096v.1

## **Preliminary Facts**

3. Defendant RocketReach LLC ("RocketReach") owns and operates a website (rocketreach.co[1]) that provides the general public with access to an online database of information about individual professionals. (ECF No. 17, ¶4) (ER-76[2]) RocketReach's database is used by professionals to find other professionals for sales, job recruiting, business development, and marketing purposes. (ECF No. 17, ¶4) (ER-76) The database is comprised of individuals' publicly available professional profile information and operates like many internet search engines. (ECF No. 17, ¶4) (ER-17) A RocketReach user inputs search criteria into the RocketReach website's search bar and the website displays individual professional profiles based on the search criteria that the user entered. (ECF No. 17, ¶17) (ER-83)

4. The four individual plaintiffs filed this putative class action lawsuit on October 8, 2024. (ECF No. 1) (ER-118-191) Plaintiffs allege that RocketReach included their publicly available professional profile information in its database without their consent, and by doing so misappropriated their information in violation of the right of publicity statutes of Washington, California, Illinois, and Ohio. (ECF No. 1) (ER-118-

---

[1] RocketReach's website ends in ".co," not ".com."

[2] RocketReach has included citations to the Excerpts of Record for this Court's convenience.

318209096v.1

191) In addition to their own individual claims, plaintiffs seek the certification of 10 separate classes: two nationwide classes to be represented by all four individual plaintiffs (ECF No. 1, ¶¶184-185) (ER-168); two Washington classes to be represented by plaintiff Sant (ECF No. 1, ¶¶187-188) (ER-168-169); two California classes to be represented by plaintiff Chun (ECF No. 1, ¶¶190-191) (ER-169-170); two Illinois classes to be represented by plaintiff Smith (ECF No. 1, ¶¶193-194) (ER-170); and two Ohio classes to be represented by plaintiff Nicastro (ECF No. 1, ¶¶196-197) (ER-170-171).

    5.    The complaint asserts diversity jurisdiction under the Class Action Fairness Act (CAFA) pursuant to 28 U.S.C. §1332(d). (ECF No. 1, ¶21) (ER-124) This statutory provision "vests the district court with original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the parties satisfy, among other requirements, minimal diversity." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted). The potential pleading defects here pertain to the complaint's allegations of the parties' citizenship for purposes of minimal diversity under §1332(d)(2)(A).

**The Allegations re: Plaintiffs' Citizenship**

6. Minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A). For individuals, "residency is not equivalent to citizenship. A natural person's state of citizenship is determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus not necessarily a citizen of that state." *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (citation omitted). An individual's domicile for purposes of diversity jurisdiction is determined as of the time the lawsuit is filed, and considers such factors as "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

7. For all named plaintiffs, the complaint alleges only their states of residency and not their states of citizenship. Plaintiffs allege that plaintiff

318209096v.1

Joseph Sant "is a natural person and is, at all times relevant hereto was, a resident of University Place, Washington" (ECF No. 1, ¶17) (ER-123); that plaintiff Merton Chun "is a natural person and is, and at all times relevant hereto was, a resident of South San Francisco, California" (ECF No. 1, ¶18) (ER-123); that plaintiff Ronesha Smith "is a natural person and is, and at all times relevant hereto was, a resident of Chicago, Illinois" (ECF No. 1, ¶19) (ER-123); and that plaintiff Heather Nicastro "is a natural person and is, and at all times relevant hereto was, a resident of Cleveland, Ohio" (ECF No. 1, ¶20) (ER-123).

8. As the named plaintiffs in this putative class action, plaintiffs are required to plead their states of citizenship. Although plaintiffs also allege that "[a]t least one member of each of the putative classes is a citizen of a state different from the Defendant" (ECF No. 1, ¶21) (ER-124), this allegation alone is not sufficient to plead their own citizenship because it is a prospective allegation about unnamed putative class members who are not yet before the court rather than one that is presently affirmative and distinct as to those parties currently before the court. *See, e.g., Mendez v. Global Institute of Stem Cell Therapy and Research, USA*, 2022 U.S. Dist. LEXIS 135700, *7 (S.D. Cal. July 29, 2022) (named plaintiff must allege her own state of citizenship to show minimal diversity under CAFA; allegation that

the putative nationwide class consists of "citizens of the United States" is insufficient to establish named plaintiff's citizenship – "a conclusory and prospective allegation that at least one unknown member of a nationwide class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction").

9.     *Ehrman v. Cox Communications*, *supra*, 932 F.3d 1223, illustrates the foregoing point. In *Ehrman*, this Court reversed the district court's order remanding to state court an action that defendant removed to federal court pursuant to CAFA. *Id.* at 1225. As the removing party, defendant had the burden of pleading minimal diversity, and alleged plaintiff's citizenship in the notice of removal as follows:

> As admitted in the Complaint, [plaintiff] is a resident of California. [Defendant] is informed and believes, and on that basis alleges, that [plaintiff] is a citizen of the state in which he resides, as alleged in the Complaint. [Defendant] is informed and believes, and on that basis alleges, that all purported class members are citizens of California, as alleged in the Complaint.

*Id.* at 1227. Plaintiff argued that defendant's allegation of his citizenship was insufficient for CAFA removal because it relied on the allegation that he is a "resident" of California. *Id.* at 1227. This Court rejected that argument because defendant also alleged that plaintiff was a "citizen" of California:

> We agree that residency is not equivalent to citizenship. *** Here, however, [defendant] did not merely allege

318209096v.1

> residency. It alleged that [plaintiff] and all putative class members were citizens of California. That [defendant's] notice of removal mentioned [plaintiff's] residency is immaterial to our analysis. [Defendant] did not have to explain why it believed [plaintiff] or the putative class members were citizens of California. As we explained above, a defendant's allegations of citizenship may be based solely on information and belief. Because [defendant] provided a short and plain statement alleging that [plaintiff] and the putative class members were citizens of California, its jurisdictional allegations were sufficient[.]

*Id.* at 1227 (citation omitted).

10. RocketReach understands that plaintiffs' alleged states of residency may be their states of citizenship, but this is unclear. For example:

    a. Plaintiff Sant – who would represent the two putative nationwide classes and the two putative Washington classes – alleges that he is "a resident of University Place, Washington" who "formerly lived in New York." (ECF No. 1, ¶¶107, 111) (ER-148) However, all of the professional profile information which he alleges to be included in the RocketReach database without his consent pertains to professional work in New York, New York (ECF No. 1, ¶¶108, 112) (ER-148-149), and a Google search of his name indicates that he is a musician based in Brooklyn, New York. Moreover, the screenshot of Sant's RocketReach free-preview profile page in the complaint is incomplete. (ECF No. 1, ¶112) (ER-148-149) Sant's free-preview profile page accessible via Google search contains the "Joseph Sant

318209096v.1

Summary" that is omitted from the complaint and states that Sant is "based in New York, NY." *See*, rocketreach.co/joseph-sant-email_44664370, last accessed on September 8, 2025.

      b.     Plaintiff Smith – who would represent the two nationwide classes and the two Illinois classes – alleges that she is a "resident" of Chicago, Illinois, but she signed her declaration in opposition to RocketReach's motion to compel arbitration in Las Vegas, Nevada. (ECF No. 26-3 at 2) (ER-59) The screenshot of Smith's free-preview profile page in the complaint is also incomplete. (ECF No. 1, ¶150) (ER-158-159) Smith's free-preview profile page accessible via Google search contains the "Ronesha Smith Summary" that is omitted from the complaint and states that Smith is "based in Las Vegas, NV." *See,* rocketreach.co/ronesha-smith-email_73009049, last accessed on September 8, 2025.

    11.    RocketReach accordingly requests that, pursuant to 28 U.S.C. §1653, plaintiffs be directed to file affidavits identifying their states of citizenship on the date of the complaint's filing. RocketReach further requests that upon plaintiffs' filing of these affidavits, the complaint be deemed amended, *nunc pro tunc*, for purposes of sufficiently alleging plaintiffs' states of citizenship. *See, e.g., Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 (9th Cir. 1998) (accepting such an affidavit pursuant to

§1653 in these circumstances as this pleading defect "may be cured by amendment and nothing is to be gained by sending the case back for that purpose") (citation omitted).

### The Allegation re: RocketReach's Citizenship

12. Plaintiffs allege that RocketReach "is a Wyoming limited liability company with its principal place of business in Bellevue, Washington." (ECF No. 1, ¶16) (ER-123)

13. RocketReach is a limited liability company (LLC) and not a corporation.

14. CAFA states at 28 U.S.C. §1332(d)(1) that "[f]or purposes of this subsection …, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

15. In *Abrego, supra*, this Court, in affirming the remand of a "mass action" that defendant sought to remove under CAFA, stated in dicta that §1332(d)(10) "departs from the rule that frequently destroys diversity jurisdiction, that a ***limited partnership's*** or ***unincorporated association's*** citizenship for diversity purposes can be determined only by reference to all of the entity's members." *Abrego,* 443 F.3d at 684 (citations omitted) (emphasis added). However, RocketReach has not been able to identify a

318209096v.1

controlling decision from this Court on the specific issue of whether an LLC is an "unincorporated association" under §1332(d)(10). Multiple district courts within this Circuit have observed similarly in the context of alleging the citizenship of an LLC under §1332(d)(2)(A):

> Traditionally, a limited liability company ("LLC") is considered a citizen of every state where its members are citizens. However, there is an exception to this rule when an LLC is a party to CAFA case. CAFA states "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. §1332(d)(10). Since an LLC is not a corporation, an LLC may be considered an "unincorporated association" under CAFA.
>
> ***The Court is unaware of a controlling Ninth Circuit case on this issue,*** but both the Fourth and Seventh Circuits have weighed in. *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010); *City of East St. Louis v. Netflix, Inc.*, 83 F.4th 1066 (7th Cir. 2023). *** Additionally, in a concurrence from Judge Kleinfeld of the Ninth Circuit, he reasoned a limited partnership would be an unincorporated association under CAFA, which suggests an LLC should be treated similarly. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009).
>
> Finally, district courts in California have addressed this issue. The Northern District held an LLC's citizenship is based on its principal place of business and laws of incorporation. *See, Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (relying on Judge Kleinfeld's concurrence). Additionally, a court in this District reached the same conclusion. *Ramierez v. Carefusion Res., LLC*, 2019 U.S. Dist. LEXIS 112995 (S.D. Cal. July 5, 2019) (citing 28 U.S.C. §1332(d)(1); *see also,*

> *Abrego*, 443 F.3d at 684. This Court, applying the text of 28 U.S.C. §1332(d)(1) and following the guidance of the above sister courts, also adopts the rule that in a CAFA case, where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business.

*Hernandez v. Pure Health Research LLC*, 2023 U.S. Dist. LEXIS 191909, *6-7 (S.D. Cal. Oct. 25, 2023) (emphasis added); *see also, Baldwin v. Aliso Ridge Behavioral Health, LLC*, 2024 U.S. Dist. LEXIS 203159, *7 (C.D. Cal. Nov. 6, 2024) (observing that this Court has "not directly addressed" the issue of whether an LLC is an "unincorporated association" under §1332(d)(10)); *Johnson v. Kadiant LLC*, 2024 U.S. Dist. LEXIS 197410, *6-7 (E.D. Cal. Oct. 30, 2024) ("The Ninth Circuit has not explicitly addressed whether an LLC is an 'unincorporated association' under CAFA…").

16. If this Court determines that an LLC is an "unincorporated association" under §1332(d)(10), then plaintiffs have sufficiently pled RocketReach's citizenship. If, however, this Court determines that the traditional diversity rule regarding the citizenship of an LLC applies instead, then plaintiffs' allegation of RocketReach's citizenship is defective.

17. For purposes of diversity jurisdiction, the traditional rule is that an LLC is a citizen of every state of which its owners/members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894,

899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens."). When pleading diversity jurisdiction with respect to an LLC, therefore, the citizenship of all members must be pled. *See, e.g., NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). Here, the complaint does not contain any allegations regarding the identity or citizenship of RocketReach's owners/members. However, RocketReach in its Rule 7.1 disclosure stated that its owners/members and their states of citizenship are the following (ECF No. 22 at 1-2) (ER-72-73):

    a.    "Andrew Tso, a citizen" of Florida."

    b.    "Amit Shanbhag, a citizen of Washington."

    c.    "Brighton Park Capital, a citizen of Connecticut."

    d.    "Phillip Hadley, a citizen of Connecticut."

    e.    "Daversa Partners, Inc., a Florida corporation with its principal place of business in Connecticut."

18. If this Court finds that the traditional diversity rule regarding the citizenship of an LLC applies here, then RocketReach requests that the complaint be deemed amended, *nunc pro tunc*, pursuant to §1653 for purposes of sufficiently alleging the identities and states of citizenship of its owners/members as set forth in RocketReach's Rule 7.1 disclosure. (ECF No. 22 at 1-2) (ER-72-73)

318209096v.1

19. Under penalty of perjury and pursuant to 28 U.S.C. §1746, the undersigned declares that the statements set forth in this instrument are true and correct.

                            Respectfully submitted,

Date: September 12, 2025     **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ *Melissa A. Murphy-Petros*
      Melissa A. Murphy-Petros

318209096v.1

## CERTIFICATE OF COMPLIANCE

I certify that the attached motion is proportionately spaced, has a typeface of 14 points, and contains 2,877 words.

Date: September 12, 2025     **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ *Melissa A. Murphy-Petros*
Melissa A. Murphy-Petros

318209096v.1

# CERTIFICATE OF SERVICE

U.S. Court of Appeals Docket Number: No. 25-4475.

I certify that, on September 12, 2025, I electronically filed the foregoing MOTION FOR AMENDMENT OF PLAINTIFFS' JURISDICTIONAL ALLEGATIONS with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

By: /s/ *Melissa A. Murphy-Petros*
_____
Melissa A. Murphy-Petros

318209096v.1